IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NICOLE ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC., *et al.*,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:15-cv-00840-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to Magistrate Judge Dustin Pead by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 14.) On November 30, 2015, Plaintiff filed her Complaint against Defendants. (ECF No. 1.) On September 29, 2016, Defendants filed a motion for judgment on the pleadings. (ECF No. 17.) Defendants' motion asked the court to dismiss each of Plaintiff's claims with prejudice. (*Id.*) District of Utah Civil Rule 7-1(b)(3)(A) required Plaintiff to file a memorandum in opposition to Defendants' motion within twenty-eight days after receiving service of the motion. To date, more than twenty-eight days have passed, but Plaintiff has not filed any opposition to the motion.

On June 27, 2017, the court ordered Plaintiff to show cause within fourteen days why this action should not be dismissed for failure to prosecute. (*See* ECF No. 20.) The court warned Plaintiff that failure to respond would result in dismissal of this case with prejudice. (*Id.*) As of the date of this Report and Recommendation, Plaintiff has not responded to the court's order.

The court may dismiss an action sua sponte under Federal Rule of Civil Procedure 41(b) for a Plaintiff's failure to prosecute. *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). In doing so, the court must consider five factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court

      warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 1151–52.

    Here, these factors weight in favor of dismissal. First, Defendants suffered prejudice because they seek an adjudication of this case and wish to conclude the proceedings, but are unable to achieve those ends. Defendants have also been burdened by preparing a dispositive motion to which Plaintiff failed to respond. Second, Plaintiff's conduct seriously interfered with the judicial process. Given Plaintiff's failure to respond to Defendants' motion and the court's order, the court is unable to hear the merits of this case. Additionally, the court is forced to expend its time drafting orders regarding Plaintiff's nonresponsiveness. Third, culpability is somewhat unclear because Plaintiff has not offered any explanation for her failure to prosecute this case. Yet given the amount of time elapsed since Defendants filed their motion, it is difficult for the court to conceive of circumstances that could excuse Plaintiff's failure to prosecute her case. Fourth, the court explicitly warned Plaintiff that her case would be dismissed with prejudice if she did not respond. Finally, there appears to be no effective lesser sanction. Plaintiff failed to respond to a dispositive motion and to this court's order to show cause. Accordingly, the circumstances here militate in favor of dismissal.

## **RECOMMENDATION**

    Based on Plaintiff's failure to prosecute this case, the court **RECOMMENDS** the District Court **DISMISS** this case with prejudice.

    Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 13th day of July 2017.          By the Court:

_____
Dustin B. Pead
United States Magistrate Judge